[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 27, 2011
JOHN LEY
CLERK

No. 10-13017
Non-Argument Calendar
_____

D. C. Docket No. 2:09-cr-00358-SLB-RRA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALONZO LANARD BURRELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 27, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Alonzo Lanard Burrell appeals his conviction for being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Burrell argues that

the district court erred in applying the good faith exception to deny his motion to suppress, because the warrant was so lacking in probable cause as to make official belief in its existence entirely unreasonable. After thorough review, we affirm.

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the court's findings of fact for clear error, and its application of the law to those facts de novo. United States v. Tate, 586 F.3d 936, 942 (11th Cir. 2009), cert. denied, 131 S.Ct. 634 (2010). When considering a ruling on a motion to suppress, "all facts are construed in the light most favorable to the prevailing party below." United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). We may affirm the denial of a motion to suppress on any ground supported by the record. United States v. Caraballo, 595 F.3d 1214, 1222 (11th Cir. 2010). We review de novo the legal issue of whether the good faith exception to the exclusionary rule applies to a search warrant found to be unsupported by probable cause. United States v. Martin, 297 F.3d 1308, 1312 (11th Cir. 2002). The underlying facts upon which the district court's good faith determination is based are reviewed for clear error. Id.

The Fourth Amendment provides for the right to be free from unreasonable searches and seizures, and mandates that "no Warrants shall issue but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV.

"[P]robable cause to search a residence exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." Tate, 586 F.3d at 942-43 (quotation omitted). However, pursuant to United States v. Leon, 468 U.S. 897, 922 (1984), courts generally should not render inadmissable evidence obtained by police officers acting in reasonable reliance upon a search warrant that is later found to be unsupported by probable cause. This exception applies in all but four limited situations, only one of which is relevant to this appeal: where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Martin, 297 F.3d at 1313.

Here, the district court correctly found that the search warrant and supporting affidavit failed to establish probable cause that evidence of a crime would be found in the residence searched. Nevertheless, the district court also correctly found that the good faith exception to the exclusionary rule applies. The affidavit stated that the suspect in a robbery lived at the address sought to be searched, that the suspect had been identified in photo-lineups by each of the victims, and that the suspect was able to flee the scene of the crime and return to her home prior to being taken into custody. As the district court noted, these facts lend themselves to finding that the search warrant was not so lacking in indicia of

3

probable cause. Moreover, given the totality of the circumstances as they were known to the detective at the time he presented the warrant to the issuing judge, his belief that probable cause existed was not entirely unreasonable because he knew that Burrell's girlfriend, and co-suspect, had been located at her residence within "[a]pproximately 30 minutes" of the robbery.

Neither does the extra-circuit authority cited by Burrell for support that an affiant should not be able to blame an issuing judge for a deficient warrant when the affiant was responsible for the deficiencies in the warrant, justify a different conclusion. In United States v. Zimmerman, the Third Circuit held that an affidavit was not saved by the good faith exception because it was "clearly insufficient." 277 F.3d 426, 437 (3d Cir. 2002). The affiant had supported the request for a search warrant for child pornography with information that evidence had been on a suspect's computer six months before the warrant was sought, but the affidavit did not indicate that pornography was ever in the suspect's home. The court was particularly concerned with the affidavit because the affiant had "crafted" it "to portray Zimmerman in the worst possible light." Id. Here, although the affidavit did not specifically indicate the freshness of the information contained therein, the statement concerning Burrell's girlfriend fleeing and returning home provided an indicia of probable cause, even though it did not

4

constitute probable cause itself. Moreover, the affidavit was not an attempt by the detective to portray Burrell, or his girlfriend, in any light other than as suspects in a robbery investigation. Therefore, the concerns with the affidavit and the motives of the affiant in Zimmerman are not present in this case.

For these reasons, the district court did not err in denying Burrell's motion to suppress because even though the search warrant and affidavit did not establish probable cause that evidence of the robbery was in the home of Burrell's girlfriend, the warrant and affidavit were not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable and, thus, the good faith exception to the exclusionary rule applies. Accordingly, we affirm the district court.

**AFFIRMED.**